IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL ANTHONY TOGNACI,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 22-00473-KD-B |
| | * |
| **AMERIS BANK,** *et al.*, | * |
| | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

Plaintiff Michael Anthony Tognaci filed a *pro se* complaint and request for injunction, along with a motion to proceed without prepayment of fees.  (Docs. 1, 2).  This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).  After careful review, it is recommended that this action be **TRANSFERRED** to the Southern Division of the United States District Court for the Middle District of Alabama.

I.   **BACKGROUND**

In this action, Plaintiff Michael Anthony Tognaci ("Tognaci")[1] alleges that the Defendants are "perpetrating Fraud"[2] by

---

[1] Tognaci resides in Foley, Alabama, which is located in the Southern District of Alabama.  (Doc. 2 at 1; Doc. 6 at 2); see 28 U.S.C. § 81(c)(2).

[2] Unless otherwise indicated by brackets, quoted language from Tognaci's filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

foreclosing on his business properties "without cause."  (See Doc. 1 at 5).  Tognaci's complaint[3] names as Defendants Ameris Bank; James Owler, a loan officer at Ameris Bank; and Phillip Buffington, Jr., an attorney for Ameris Bank.  (Id. at 2).  The complaint alleges that this Court has jurisdiction based on diversity of citizenship because Tognaci is a citizen of Alabama, Defendants are citizens of Georgia, and the amount in controversy exceeds $75,000.  (Id. at 3-4).

The complaint alleges that "[t]he Defendants are perpetrating Fraud by foreclosing on [Tognaci's] business property that [was] in good standing until a payment [he] made was mistaken for fraud and returned without notifying [him]."  (Id. at 5).  The complaint states that Defendant Owler contacted Tognaci and notified him "of the default months later."  (Id.).  The complaint alleges that Tognaci "immediately" sent a check to Defendant Owler "for full amount which he said he did not get," and that Tognaci subsequently sent a number of other checks to Owler and/or Ameris Bank, none of which "made it to the loans payments."  (Id.).  Tognaci then "sent Mr Owler an email expressing [his] displeasure in him and the bank."  (Id.).

The complaint asserts that Defendant Owler took Tognaci's email "personal and cominced to attack [Tognaci] financially by

---

[3] Tognaci utilized a form titled "Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction" for his pleading.  (See Doc. 1).

2

foreclosing on [his] loans with Ameris bank without cause." (Id.). The complaint further alleges that Tognaci "wrote a letter to [Defendant Owler's] attorney explaining the fraud and how he was a p[a]rt of it and [Tognaci] had evidence but he continued any way without seeking the information [Tognaci] had." (Id.). Because of this, Tognaci contends that the attorney "would be considered an accompli[ce] of Fraud." (Id.). Tognaci states that the events giving rise to his claims occurred on July 8, 2022, in Dothan, Alabama. (Id. at 4).

For relief, Tognaci requests that the Court "please stop the Foreclosing and sale of [his] properties" located in Niceville, Florida, and Dothan, Alabama. (Id. at 6).

Upon review of Tognaci's complaint, the undersigned found that it lacks any factual basis suggesting that venue is proper in the Southern District of Alabama. (Doc. 3 at 4). Specifically, the undersigned noted that the Defendants are alleged in the complaint to be citizens of Georgia; that the events giving rise to the claims are alleged to have occurred in Dothan, Alabama, which is located in the Middle District of Alabama; and that the properties in question are located in Dothan, Alabama, and Niceville, Florida, which respectively lie in the Middle District of Alabama and the Northern District of Florida. (Id.). Accordingly, the undersigned entered an order directing Tognaci to

3

show cause why this action should not be dismissed or transferred for improper venue.  (Id. at 5).

Tognaci responded to the Court's order, in relevant part, as follows:

> (1) The Defendants residence's locations are unclear to me according to Mr. Phillip Buffington,Jr's letter he is located in Mississippi . . . . According to where Mr. James Owler's request to send checks to him at 285 S. Broad street Ellaville Georgia 31780. The bank is 1707 First Avenue, SE, Moultrie, GA,. The location in which I received the loan Mortgages is 3299 Ross Clark Circle Dothan AL36303.  Michael Anthony Tognaci (me) lives in Foley Alabama . . . . The Foreclosed properties are [in] Dothan Al . . . and Niceville Florida . . . .
>
> (2) The judicial district in which a substantial part of the events or omissions giving rise to the facts that the claim occurred, or a substantial part of the property that is subject to this action is in the great state of Alabama located in Foley Alabama.
>
> (3) The district in which the action brought is in Foley Alabama[.]

(Doc. 6 at 1).

## II.  **LEGAL STANDARDS**

Under 28 U.S.C. § 1391(b), which applies to diversity actions, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any

judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"The statute's language is instructive: venue [under § 1391(b)(2)] is proper in 'a judicial district in which a *substantial* part of the *events or omissions giving rise to the claim occurred*.'" Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003) (emphasis in original). "Only the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." Id. Moreover, when determining whether venue is proper, courts must focus on the relevant activities of the defendants rather than the plaintiff. Id. at 1371-72.

A district court may raise the issue of whether venue is appropriate *sua sponte*, although a court may not dismiss without giving the parties an opportunity to present their views on the issue. Lipofsky v. N.Y. State Workers Comp. Bd., 861 F.2d 1257, 1258 (11th Cir. 1988). When venue is not proper in the district of filing, the district court must dismiss, or if it is in the interest of justice, transfer the action to any district in which it could have been brought. 28 U.S.C. § 1406(a).

5

### III. **DISCUSSION**

As an initial matter, the Court reiterates that venue in the Southern District of Alabama is clearly not proper under § 1391(b)(1), since none of the Defendants are alleged to reside in Alabama. Likewise, there is no indication that 28 U.S.C. § 1391(b)(3), which applies only "if there is no district in which an action may otherwise be brought as provided in this section," is applicable.

Instead, Tognaci appears to suggest that venue in this district is proper under § 1391(b)(2) (the so-called "transactional venue" provision). Tognaci notes in his response to the Court's show cause order that he resides in Foley, Alabama, and he states that "[t]he judicial district in which a substantial part of the events or omissions giving rise to the facts that the claim occurred, or a substantial part of the property that is subject to this action is in the great state of Alabama located in Foley Alabama." (Doc. 6 at 1).

Tognaci's reference to a "judicial district . . . in the great state of Alabama located in Foley Alabama" is nonsensical. The state of Alabama is divided into three federal judicial districts: the Northern, Middle, and Southern Districts of Alabama. See 28 U.S.C. § 81. Foley is located in the Southern District of Alabama, but Tognaci's complaint and show cause response provide no factual basis for venue in this district. On the contrary, the complaint

6

specifically alleges that the events giving rise to his claims occurred in Dothan, Alabama, which is located in the Middle District of Alabama. (Doc. 1 at 4); see 28 U.S.C. § 81(b)(2). The "Foreclosed properties" at issue in this litigation are located in Dothan, Alabama, and Niceville, Florida, which respectively lie in the Middle District of Alabama and the Northern District of Florida. (Doc. 1 at 6; Doc. 6 at 1); see 28 U.S.C. §§ 81(b)(2) & 89(a). Tognaci identifies the "location in which [he] received the loan Mortgages" as an address in Dothan, Alabama. (Doc. 6 at 1). And, the Defendants appear to be located in Georgia and Mississippi. (See id.).

In sum, although Tognaci resides in the Southern District of Alabama, he has not identified a single relevant event or omission that occurred in this district, nor has he alleged that any of the property at issue in this action is located here. Thus, venue in this district is improper. See Robey v. JPMorgan Chase Bank, N.A., 343 F. Supp. 3d 1304, 1316 (S.D. Fla. 2018) ("[A] 'substantial part' of the events surrounding a wrongful eviction (tantamount to wrongful foreclosure) occurs in the place from where the plaintiff was evicted. So too with quiet title claims. This is also true of *in personam* claims against persons who allegedly conspired and committed fraud to deprive a plaintiff of property.") (internal citations omitted); Lea v. Farmers Nat'l Bank, 2016 U.S. Dist. LEXIS 22362, at *6, 2016 WL 742549, at *2 (M.D. Tenn. Jan. 6, 2016)

7

(finding that the Middle District of Tennessee was an improper venue for an action stemming from the foreclosure of current Tennessee resident's property in Kentucky when plaintiff failed to allege facts showing that a substantial part of the events or omissions giving rise to his claims occurred in the Middle District of Tennessee), report and recommendation adopted, 2016 U.S. Dist. LEXIS 22363, 2016 WL 727775 (M.D. Tenn. Feb. 23, 2016), aff'd sub nom. Lea v. Warren County, 2017 U.S. App. LEXIS 18884, 2017 WL 4216584 (6th Cir. May 4, 2017); Johnson v. Dist. Dir. of I.R.S., 1976 U.S. Dist. LEXIS 12148, at *2, 1976 WL 909, at *1 (N.D. Ga. Nov. 23, 1976) ("To the extent that plaintiff seeks to quiet title to the real property in question, it is clear that such action is in the nature of an *in rem* proceeding and should have been brought in the State of Maryland where the property lies and where venue will also lie."); Riley v. Donatelli, 2017 U.S. Dist. LEXIS 122632, at *25-26, 2017 WL 3316479, at *9 (M.D. Fla. Aug. 3, 2017).

Having determined that the Southern District of Alabama is not a proper venue for this action, the Court must next decide whether to dismiss this case or transfer it to an appropriate venue. "The interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it." Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc., 669 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009). The decision whether to transfer a case to another district is within the district court's

8

sound discretion.  Brown v. Conn. Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991).  However, transfer under 28 U.S.C. § 1406(a) is subject to certain limitations.  Manley v. Engram, 755 F.2d 1463, 1467 (11th Cir. 1985).  For example, "a transfer is proper only to a district in which the suit might have been brought by the plaintiff."  Id.

As noted *supra*, the properties that are the subject of this action are situated in the Middle District of Alabama and the Northern District of Florida, and the locus of operative facts appears to be in Dothan, Alabama, which lies in the Middle District of Alabama.  This action could have been brought in the Middle District of Alabama, and pursuant to 28 U.S.C. § 1391(b)(2), the proper venue for this action is the Middle District of Alabama.  See 28 U.S.C. § 81(b)(2).  Considering Tognaci's *pro se* and alleged IFP status, the Court finds that the interests of justice favor transferring this case to the Middle District of Alabama.

### IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the Southern Division of the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 1406(a).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects

9

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **January, 2023.**

                                            **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**